1  FOLGER LEVIN & KAHN LLP
   Jiyun Cameron Lee (CSB No. 161667, jlee@flk.com)
2  Embarcadero Center West
   275 Battery Street, 23rd Floor
3  San Francisco, CA 94111
   Telephone: (415) 986-2800
4  Facsimile: (415) 986-2827

5  NEAL, GERBER & EISENBERG LLP
   H. Nicholas Berberian (*pro hac vice* to be filed, nberberian@ngelaw.com)
6  Michael P. Manly (*pro hac vice* to be filed, mmanly@ngelaw.com)
   Two North LaSalle Street, Suite 2200
7  Chicago, IL 60602
   Telephone: (312) 269-8000
8  Facsimile: (312) 269-1747

9  Attorneys for Defendants
   Northern Trust Corporation, Northern Trust, N.A.
10 (formerly known as Northern Trust Bank of California N.A.)
   and Northern Trust Securities, Inc.

11

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

14                              SAN FRANCISCO DIVISION

15

| 16 | NOEL LEE, | Case No. CV-09-3716 |
|---|---|---|
| 17 | Plaintiff, | **STIPULATION AND [PROPOSED] ORDER FOR RELIEF FROM THE CASE MANAGEMENT SCHEDULE** |
| 18 | v. | |
| 19 | NORTHERN TRUST CORPORATION, a Delaware Corporation; NORTHERN | Complaint Filed: August 12, 2009<br>CMC Date: November 20, 2009 |
| 20 | TRUST BANK OF CALIFORNIA N.A., a nationally chartered commercial bank; | Dept.: Courtroom A, 15th Floor |
| 21 | NORTHERN TRUST SECURITIES, INC., a Delaware Corporation, | Judge: The Honorable Joseph C. Spero |
| 22 | Defendant. | |

23

24         Plaintiff NOEL LEE ("Plaintiff") and Defendants NORTHERN TRUST

25 CORPORATION, NORTHERN TRUST, N.A. (formerly known as and successor in interest to

26 NORTHERN TRUST BANK OF CALIFORNIA, N.A.), and NORTHERN TRUST

27 SECURITIES, INC. ("Defendants"), by and through their attorneys of record, hereby stipulate as

28 follows:

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

STIPULATION & [PROPOSED] ORDER FOR RELIEF
FROM THE CASE MANAGEMENT SCHEDULE;
CASE NO. CV-09-3716

1   WHEREAS, Plaintiff filed the Complaint in the above-captioned action on August 12, 2009;

3   WHEREAS, by Order dated October 15, 2009, the Court approved the parties' stipulation extending Defendants' deadline for filing a responsive pleading to November 2, 2009;

5   WHEREAS, the parties have agreed to stipulate to an additional one-week extension of the Defendants' deadline for filing a responsive pleading to November 9, 2009;

7   WHEREAS, Defendants have advised Plaintiff that on November 9, 2009, they intend to file a motion to stay the proceedings and to compel arbitration with respect to Defendant Northern Trust Securities Inc., and to stay the proceedings with respect to Defendants Northern Trust Corporation and Northern Trust, NA;

11  WHEREAS, the parties are in agreement that relief from the case management order schedule is warranted because the earliest date on which Defendants' motions may be heard is Friday, December 11, 2009, and the Case Management Conference in this action is currently scheduled for Friday, November 20, 2009. A ruling by the Court in favor of Defendants on one or both of their motions may substantially impact any case management schedule or discovery plan.

16  THEREFORE, THE PARTIES STIPULATE AND REQUEST THE ENTRY OF AN ORDER AS FOLLOWS:

18  1.  The parties have agreed and hereby stipulate that Defendants may have until November 9, 2009, to file a responsive pleading. This is the second extension of time granted to Defendants.

21  2.  All case management deadlines shall be extended until after the hearing on Defendants' motions to stay and/or to compel arbitration, to be filed on November 9, 2009 (the "November 9 Motions").

24  3.  To the extent that the November 9 Motions are denied as to any Defendant, that Defendant shall have 20 days after the entry of any order denying the November 9 Motions to file a responsive pleading.

27  4.  Within 30 days after the entry of the Court's order regarding the November 9 Motions, any Defendant with respect to whom Plaintiff's claims are not stayed and/or compelled

1  to arbitration shall meet and confer with Plaintiff regarding initial disclosures, early settlement,
2  ADR process selection, and discovery plan.  By the same date, the parties shall meet and confer
3  and contact the Court regarding the setting of a Case Management Conference if a date for a Case
4  Management Conference is not previously set by the Court.

5       5.     The parties shall file their Rule 26(f) Report, complete initial disclosures, and file a
6  Case Management Statement at least 7 days before the date of the Case Management Conference.

7  Dated: October 30, 2009                        FOLGER LEVIN & KAHN LLP

By: /s/ Jiyun Cameron Lee
Attorneys for Defendants
Northern Trust Corporation, Northern
Trust Bank of California, N.A., and
Northern Trust Securities, Inc.

Dated: October 30, 2009                        CARROLL, BURDICK & McDONOUGH LLP

By: /s/ Erik Morrison
Attorneys for Plaintiff
NOEL LEE

Pursuant to General Order 45(X), I hereby attest that the signatories above have concurred in the filing of this document.

/s/ Jiyun Cameron Lee

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __11/02_____, 2009       _____
                                        The Honorable Joseph C. Spero

70017\7001\671624.1

-3-    STIPULATION & [PROPOSED] ORDER FOR RELIEF FROM THE CASE MANAGEMENT SCHEDULE; CASE NO. CV-09-3716